# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN ALVARADO-GONZALEZ, #Y26876, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19-cv-00493-NJR |
| CHRISTOPHER THOMPSON, K. LIVELY, COCHE, D. CLELAND, ADAMS, RODMAN, DUSTIN BOWLES, FRANK, PITYUMAR HLA, KATHRYN ADAMS, MOLLY MCELVAIN, A. WRIGHT, SARAH JOHNSON, PLACEMENT OFFICER, ANDREA PRESLEY, HILL, CROUSE, and REIDBURG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Juan Alvarado-Gonzalez, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). He asserts an Eighth Amendment failure to protect claim and a state law intentional infliction of emotional distress claim. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to

1

28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

The following allegations are taken from the Complaint and the attached documents: Plaintiff entered IDOC in 2018 and was incarcerated at Pinckneyville. (Doc. 1-1, p. 11). He was sexually assaulted in January and February 2018 by his first cellmate and in March and/or April 2018 by his second cellmate. (Doc. 1, p. 8; Doc. 1-1, p. 6-8). On May 14, 2018, his cellmate choked him. (Doc. 1-1, pp. 18, 20-21). He complained to Defendants and was placed in segregation under the guise of an investigation. (Doc. 1, p. 8). During a psychiatric exam on May 30, 2018, he told Dr. Kathryn Adams that his cellmate choked him because of the nature of his criminal conviction. (*Id.* at 22). He also told her that he had been sexually abused by other inmates. (*Id.* at 26). In August 2018, he wrote grievances to Counselor Hill "about PREA" and the incident where his cellmate choked him. (*Id.* at 7).

In October 2018 another cellmate broke his nose. (Doc. 1-1, pp. 29-30, 39). During a psychiatric exam on November 19, 2018, he told Dr. Phyumar Hla that he was feeling more depressed because his cellmate broke his nose before being released and now he is in segregation. (*Id.* at 30, 34).

On November 29, 2018, he wrote to Frank/IA Office asking to be moved to another cell but no one responded. (Doc. 1-1, p. 7). He wrote a grievance in December 2018 regarding the

2

sexual assaults by his first two cellmates. (Doc. 1-1, p. 38). On December 14, 2018, during a mental health exam, he told Molly McElvain he had been assaulted three times while in prison. (Doc. 1-1, p. 39). In January 2019, he wrote a grievance complaining that he had been sexually assaulted and had his nose broken but staff will not protect him because of the nature of his criminal conviction. (Doc. 1-1, pp. 9-10). Also, his claims have been misinterpreted because there is not a Spanish interpreter. (*Id.* at 10).

Plaintiff suffered severe emotional distress because of Defendants' extreme, outrageous conduct. (Doc. 1, p. 8). Defendants failed to intervene to prevent Plaintiff's cellmates from sexually and physically assaulting him because of the nature of his criminal conviction. (*Id.* at 9).

Based on the allegations in the Complaint, the Court divides this action into the following counts:

> **Count 1:** **Eighth Amendment claim against Defendants for failing to protect him from the sexual and physical assaults by his cellmates.**
>
> **Count 2:** **State law intentional infliction of emotional distress claim.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**<u>Discussion</u>**

For the reasons explained below, the Complaint does not survive preliminary review under 28 U.S.C. § 1915A and will be dismissed. Plaintiff's statement of claim, which contains only three numbered paragraphs, does not provide any factual detail and fails to associate his allegations with any individual Defendants. (Doc. 1, pp. 8-9). Instead, it contains conclusory and collective allegations that Defendants violated his constitutional rights because he was sexually and physical assaulted by his cellmates. (*Id.*) Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. The plaintiff is also required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2). Under Federal Rule of Civil Procedure 8 pleading standards, the Complaint must include a short, plain statement of the case against each individual. An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8. Further, threadbare, conclusory allegations are insufficient to state a claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Finally, as explained below, the documents attached to the Complaint (Doc. 1-1, pp. 1-40) do not provide sufficient support for Plaintiff's claims against Defendants.

*Count 1*

An Eighth Amendment failure to protect claim arises when a plaintiff is incarcerated under conditions posing a substantial risk of serious harm and the defendant acts with deliberate

indifference to the plaintiff's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir.2010). "[A] generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff must allege "a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* Prison officials must be aware of a specific, impending, and substantial threat to Plaintiff's safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Wilson*, 451 F. App'x at 589.

Plaintiff alleges he was sexually assaulted from January to April 2018 by two different cellmates, but he does not allege, and his documents do not evidence, that any defendant was aware of a specific, impending, and substantial threat to Plaintiff's safety prior to the sexual assaults. It does not appear that he told anyone about the sexual assaults until May 2018. At that time, he was placed in segregation away from the threat. Similarly, he does not allege that any defendant was aware of a specific, impending, and substantial threat to his safety prior to the physical assault that occurred in October 2018. Plaintiff's allegations that he advised Defendants of the assaults after they transpired and they did nothing about them, does not state a claim under the Eighth Amendment for failure to protect. Therefore, Count 1 fails to state a claim for relief and will be dismissed without prejudice.

*Count 2*

Plaintiff's state law claim would require the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367. Although district courts may exercise supplemental jurisdiction, they are not required to do so. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997). Supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *Id.* There are several

circumstances enumerated in Section 1367 under which it is appropriate for a court to decline to exercise supplemental jurisdiction. One such circumstance is when as here, the district court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction, courts must balance judicial economy, convenience, fairness, and comity. *College of Surgeons*, 522 U.S. at 172-73. Weighing those factors, this Court declines to exercise its supplemental jurisdiction as to Plaintiff's state law claim for intentional infliction of emotional distress. Moreover, the claim would fail because Plaintiff does not associate his allegations with any individual Defendants and the threadbare, conclusory allegations are insufficient to state a claim. Count 2 will, therefore, be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **September 30, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent

with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00493-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change

in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 27, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**