IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN ALVARADO-GONZALEZ,
#Y26876,

        **Plaintiff,**

v.

CHRISTOHPER THOMPSON,
LIEUTENANT FRANK, and
DUSTIN BOWLES,

        **Defendants.**

Case No. 19-cv-00493-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Juan Alvarado-Gonzalez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint and First Amended Complaint were dismissed for failure to state a claim, and the Court appointed counsel to file a second amended complaint (Doc. 13). With the assistance of counsel, Plaintiff has now filed his Second Amended Complaint (Doc. 17). In the Second Amended Complaint, Plaintiff alleges that (1) he was repeatedly sexually and physically assaulted when Defendants placed him with cellmates that were known to be dangerous; (2) Defendants covered up the assaults; and (3) they ignored and destroyed his grievances and complaints. He asserts claims against the defendants under the Eighth Amendment for failure to protect and cruel and unusual punishment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive

relief.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Having reviewed the allegations in the Second Amended Complaint, the Court finds that Plaintiff adequately sets forth viable claims against the Defendants IDOC, Franks, Bowles, and Thompson.

Accordingly, **Counts 1** and **2** shall proceed against IDOC,[1] Thompson, Frank, and Bowles. The Clerk of Court shall prepare for Defendants IDOC, Thompson, Frank, and Bowles: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal

---

[1] Because Plaintiff requests injunctive relief and alleges unconstitutional policies attributable to IDOC, he will be allowed to proceed with Counts 1 and 2 against IDOC at this early stage. *See Love v. Ill. Dep't of Corr.*, No. 18-cv-06084, 2020 WL 1237200 (N.D. Ill. March 13, 2020) ("The Eleventh Amendment does not prohibit injunctive relief against state officials and state agencies.") (citing *Ex Parte Young,* 209 U.S. 123, 1559-60 (1908)).

service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

DATED:   May 12, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**